UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM FITCH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PREMERA BLUE CROSS, a Washington nonprofit corporation,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff William Fitch ("Plaintiff"), by and through undersigned counsel, brings this class action complaint against Defendant Premera Blue Cross ("Defendant" or "Premera") on behalf of himself and all others similarly situated, and alleges, upon personal knowledge as to his own actions and his counsel's investigations, and upon information and belief as to all other matters, as follows:

I. **INTRODUCTION**

1. Plaintiff's claims in this action center upon a massive data breach with potential impact upon approximately 11 million current and former insureds and customers of Premera. The information taken by the hackers through the data beach includes names, dates of birth, Social Security numbers, addresses, bank account information and claim information—including clinical information. Premera did not discover the breach, which initially took place

CLASS ACTION COMPLAINT - 1

on or about May 5, 2014, for eight months. And Premera failed to disclose the breach publicly until nearly a year had passed from the original breach. As discussed in greater detail below, this breach occurred because Premera failed to observe proper security procedures and ignored warnings from regulators that preceded the May 5, 2014 breach by nearly a month.

## II. PARTIES

2. Plaintiff William Dorsel Fitch is a resident of Rigby, Idaho. Plaintiff Fitch worked for Wal-Mart and received insurance coverage that apparently provided Premera access to his medical, financial and personal information. Mr. Fitch received a letter from Premera on March 30, 2015 indicating his information was subject to the breach.

3. Defendant Premera Blue Cross is a Washington non-profit corporation and insurance provider. Premera's headquarters are located at 7001 220th Street SW, Mountlake Terrace, Washington, 98043.

## III. JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), because this is a class action in which (i) the proposed class consists of more than 100 members; (ii) at least some members of the proposed class are citizens of a state different from defendant; and (iii) the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Defendant because Defendant is authorized to, and does, business in the State of Washington and across the country, providing health insurance to citizens of this State and many others, such as Idaho citizens like Plaintiff.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because Defendant resides in this District and a substantial part of the events that give rise to the claims herein occurred in this District.

## IV. PERTINENT FACTS

7. As the result of woefully insufficient cyber security, Premera appears to have unwittingly been party to the largest data breach involving patient medical information to date.

As noted above, the breach involved personal, medical data and financial information of 11 million of Premera's insureds and customers.

8. Defendant's deficient cyber security allowed hackers to gain access to claims data—including clinical information—along with bank account numbers, Social Security numbers, birth dates, a variety of personally identifiable information, and other data in an attack that began at least as early as May 2014.

9. On or about May 5, 2014, hackers appear to have first infiltrated Defendant's Information Technology system and, for months thereafter, had access to as many as 11 million records of current and former insureds and employees, as well as customers who received medical treatment in Washington or Alaska. The hackers were able to access these individuals' names, dates of birth, addresses, email addresses, telephone numbers, Social Security numbers, member identification numbers, bank account information, claims information including clinical data, and other information.

10. In public announcements beginning in March 2015, Defendant acknowledged that the data breach affected current and former customers of Premera Blue Cross, Premera Blue Cross Blue Shield of Alaska, and affiliates, including Vivacity and Connexion Insurance Solutions, Inc. Several days after the breach, LifeWise Health Plan of Oregon announced that 60,000 of its members were compromised by the Data Breach.

11. Further, Defendant acknowledged in a public statement dated March 17, 2015, that the breach affected members of any Blue Cross Blue Shield plan who had received medical treatment in Washington or Alaska, and that "[i]ndividuals who do business with us and provided us with their email address, personal bank account number or social security number are also affected." *See* https://www.premera.com/wa/visitor/about-premera/press-releases/2015_03_17/ (last visited May 20, 2015).

12. Upon information and belief, Defendant failed to undertake appropriate safeguards to properly segregate medical information from personally identifiable information and financial information.

CLASS ACTION COMPLAINT - 3

Ide Law Office
7900 SE 28th Street, Suite 500
Mercer Island, WA 98040
Ph.: 206 625-1326

13. Indeed, the federal government expressly warned Defendant that its cyber security systems were at significant risk prior to the data breach. Specifically, on April 18, 2014, the U.S. Office of Personnel Management reported the results of an audit it performed on Premera's IT systems. The audit identified ten areas in which Defendant's systems could expose sensitive information and faced vulnerabilities that could be exploited by hackers. *See* Coral Garnick, *Premera Negligent In Data Breach, 5 Lawsuits Claim*, Seattle Times, April 2, 2015, *available at* http://kaiserhealthnews.org/news/premera-negligent-in-data-breach-5-lawsuits-claim/ (last visited May 20, 2015).

14. The U.S. Office of Personnel Management audit found that Premera was not implementing critical security patches and other software updates and warned: "Failure to promptly install important updates increases the risk that vulnerabilities will not be remediated and sensitive data could be breached." U.S. Office of Personnel Management, Office of the Inspector General, *Final Audit Report* at 7 (Nov. 8, 2014), *available at* https://s3.amazonaws.com/s3.documentcloud.org/documents/1688453/opm-audit.pdf (last visited May 20, 2015).

15. Rather than responding to the risks identified by the audit, implementing the Inspector General's recommendations, and immediately strengthening its IT security, Defendant sat idle, remaining vulnerable and, predictably, allowed the data breach to occur shortly after the federal audit was completed and made public.

16. The cyber criminals appear to have either accessed the personally identifiable information and medical information in unencrypted form, or to have obtained a key allowing the information to be unencrypted. *See, e.g.*, Joseph Goedert, *Premera Breach Highlights Need for Encryption*, HealthData Management, Mar. 19, 2015, *available at* http://www.healthdatamanagement.com/news/Decision-to-Forgo-Encryption-Costing-Health-Organizations-Dearly-50014-1.html (last visited May 20, 2015).

17. Medical records, in particular, are very valuable to criminals because the stolen data can be sold to other criminals and can be used to engage in highly lucrative insurance

fraud.  Similarly, personally identifiable information can be utilized to engage in a variety of other crimes, including identity theft.

18. Despite knowledge of the breach since at least January 29, 2015, Defendant concealed the breach until March 17, 2015.

19. To date, Defendant has yet to fully and accurately inform its insureds concerning the scope of the breach, or the palpable risks of identity theft.

20. When a company experiences a data breach, it is critical that it provide timely, accurate, and complete information to those whose information has been compromised so they can take necessary precautions to protect themselves and their families from further harm.  Indeed, the Health Insurance Portability and Accountability Act ("HIPAA") requires that Defendant provide notice without unreasonable delay and no later than 60 days after discovery of a breach.  *See* 45 C.F.R. § 164.404.  Similarly, Washington state law requires a company to provide notice in the most expedient time possible.  *See* RCW § 19.255.010.

21. Because of the breach at issue here, Plaintiff and members of the Class will have to take a variety of steps to monitor for and safeguard against identity theft.  These individuals are at substantially higher risk of suffering identity theft, including fraudulent medical care in the victims' names, charges for such medical care, and/or adulteration of the victims' true medical records in a manner that could cause them significant harm or put them at personal bodily risk.  Further, these victims of the breach are at an elevated risk of potentially devastating financial identity theft.  The results of identity theft are staggering, by any measure: The Bureau of Justice Statistics reports that in 2012 (the most recent year for which statistics are available) 16.6 million people were the victims of identity theft and that identity theft causes individuals substantial harm and the nation's economy billions of dollars every year.  *See* U.S. Dept. of Justice, Bureau of Justice Statistics, *Victims of Identity Theft, 2012* (Dec. 2013), *available at* http://www.bjs.gov/content/pub/pdf/vit12.pdf (last visited May 20, 2015).

22. Similarly, loss of social security numbers, such as those disclosed through this breach, can be especially devastating, as criminals are able to open a variety of new accounts,

CLASS ACTION COMPLAINT - 5

including credit card accounts in the victims' names creating a seemingly endless parade of fraudulent charges that can have seriously adverse impact on the victims' finances and credit standing.

23. There simply is no question here that Defendant breached its duty to protect and safeguard its insureds' personal and medical information and to timely notify those affected in a proper and complete manner. Plaintiff brings this action on behalf of himself and similarly situated insureds whose personal and medical information was exposed through the breach, and seeks compensation for the injuries they have suffered, as well as for injunctive relief to ensure that Defendant takes proper security precautions in the future and gives prompt and full information to all affected people concerning their exposure through the breach.

## V. CLASS ACTION ALLEGATIONS

24. Plaintiff seeks certification of a nationwide class defined as:

> All current or former insureds of Premera Blue Cross residing in the United States whose personal and/or medical information was compromised in the data breach disclosed by Premera Blue Cross on or about March 17, 2015.

(The "Class"). Excluded from the Class are Defendant; any agent, affiliate, parent, or subsidiary of Defendant; any entity in which Defendant has a controlling interest; any officer or director of Defendant; any successor or assign of Defendant; and any Judge to whom this case is assigned as well as his or her staff and immediate family. Plaintiff expressly reserves the right to amend this class definition as warranted by the development of facts and discovery in his case.

25. Plaintiff satisfies the numerosity, commonality, typicality, and adequacy prerequisites for suing as a representative party under Rule 23.

26. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, based upon publicly available information, that the Class includes approximately 11 million members.

27. <u>Existence and Predominance of Common Questions of Fact and Law</u>: Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. Common legal and factual questions include, but are not limited to:

    a. Whether Defendant failed to follow reasonable security protocols;

    b. Whether Defendant violated the law by the manner in which it maintained and secured Class Members' personal, financial and medical information;

    c. Whether Defendant's delay in informing Class Members of the breach was unreasonable;

    d. Whether Defendant's conduct was negligent;

    e. Whether Defendant's conduct violated HIPAA;

    f. Whether Defendant's conduct violated or breached any express contracts with Class Members;

    g. Whether Defendant's conduct violated or breached any implied contracts with Class Members; and

    h. Whether Plaintiff and the Class are entitled to monetary damages and/or other remedies and, if so, the nature of any such relief.

28. <u>Typicality</u>: All of Plaintiff's claims are typical of the claims of the Class since each Class Member was subject to the same breach of security occasioned by Defendant's actions and failures to act. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent Class members.

29. <u>Superiority</u>: A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and Class Members. The injury suffered by each individual Class Member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Members of the Class can be readily identified and notified based on, *inter alia*, Defendant's records.

30. Plaintiff is an adequate representative because his interests do not materially or irreconcilably conflict with the interests of the Class that he seeks to represent, he has retained counsel competent and highly experienced in complex class action litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

31. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive and equitable relief appropriate with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligence

### (On Behalf of Plaintiff and the Class)

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

33. Plaintiff and Class Members were required to submit non-public personal, financial and medical information in order to acquire coverage under a health insurance policy and/or receive medical treatment.

34. Defendant collected and stored this personal, financial and medical information.

35. By accepting Plaintiff and Class Members' personal, financial and medical information, Defendant assumed a duty of care to use reasonable means to secure and safeguard this information and protect it from theft or disclosure.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

36. Defendant failed to meet its duty of care by failing to secure and safeguard the personal, financial and medical information of Plaintiff and other Class Members. Defendant's maintenance of its information technology systems and protocols was negligent in that Premera knew it was vulnerable to a cyber-security breach, but failed to take appropriate action to protect the sensitive information belonging to Plaintiff and Class Members. It appears that Defendant negligently stored personal, financial and medical information in an unencrypted form on a single, highly vulnerable database.

37. Plaintiff and Class Members continue to be at risk of a variety of harm as the result of Defendant's negligence, including enhanced risk of identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other types of fraud and theft. Plaintiff and Class Members suffered and continue to suffer further harm by virtue of Defendant's failure to give timely and complete notice about the scope and nature of the breach and risks they face.

## SECOND CAUSE OF ACTION

### Negligence *Per Se*

### (On Behalf of Plaintiff and the Class)

38. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

39. Pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Defendant had a duty to secure and safeguard the personal information of its customers. Premera's Notice of Privacy Practices recognizes this duty to its customers and warranted that Defendant would comply with its duties.

40. Premera's failure to secure and safeguard Plaintiff and Class Members' personal and medical information constitutes a violation of HIPPA. Specifically, by failing to implement protections against "reasonably anticipated threats," 45 C.F.R. § 164.306; by failing to encrypt the personally identifiable information and medical information, 45 C.F.R. §

164.312; and by failing to notify Plaintiff and other members of the Class in accordance with the requirements set forth at 45 C.F.R. § 164.404.

41. Plaintiff and Class Members have suffered harm as a result of Defendant's negligence *per se*. Victims' loss of control over the personally identifiable information and medical information exposed each of them to a greatly enhanced risk of identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other types of fraud and theft. Plaintiff and Class Members suffered and continue to suffer further harm by virtue of Defendant's failure to give them timely and complete notice concerning the breach and the risks they face.

## THIRD CAUSE OF ACTION

### Breach of Contract

### (On Behalf of Plaintiff and the Class)

42. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

43. Premera entered into written, or, in the alternative, implied contracts, with Plaintiff and Class Members to provide health insurance in exchange for payment of premiums.

44. Pursuant to the terms of this contractual agreement, Defendant was required to maintain the security of Plaintiff and Class Members' personal, financial and medical information, and to ensure compliance with HIPAA.

45. Premera breached its contractual obligations to Plaintiff and the Class by failing to secure and safeguard their personal, financial and medical information. Defendant was negligent in its failure to properly maintain its information technology systems in that Premera was expressly warned about deficiencies in its cyber-security by the U.S. Office of Personnel Management, yet it failed to take appropriate action to protect Plaintiff and Class Members' sensitive information, purportedly in an unencrypted form on a single, highly vulnerable database.

Case 2:15-cv-00865-RSM   Document 1   Filed 06/01/15   Page 11 of 13

46. Premera's breach of contractual obligations is ongoing as Defendant has failed to provide complete information regarding the breach to Plaintiff and the Class in a timely manner.

47. Plaintiff and Class Members have suffered harm as a consequence of Defendant's breach of contract. Victims' loss of control over the personally identifiable information and medical information exposed each of them to a greatly enhanced risk of identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other types of fraud and theft. Plaintiff and Class Members suffered and continue to suffer further harm by virtue of Defendant's failure to give timely and complete notice to them concerning the breach and the risks they face.

## FOURTH CAUSE OF ACTION

### Breach of Fiduciary Duty

### (On Behalf of Plaintiff and the Class)

48. Plaintiff incorporates by reference each preceding and succeeding paragraph as though fully set forth at length herein.

49. Premera had a fiduciary duty to Plaintiff and Class Members as their health insurance provider. This duty included the responsibility to safeguard Plaintiff and Class Members' personal, financial and medical information and properly maintain reasonable security procedures and practices to protect such information, as well as to keep Plaintiff and Class Members fully informed in a timely manner regarding the breach.

50. Premera breached its fiduciary duties to Plaintiff and the Class by failing to secure and safeguard their personal, financial and medical information. Defendant failed to properly maintain its information technology systems in that they were expressly warned about deficiencies in their cyber-security by the U.S. Office of Personnel Management, yet failed to take appropriate action to protect Plaintiff and Class Members' sensitive information, purportedly in an unencrypted form on a single, highly vulnerable database.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
PH.: 206 625-1326

51.     Premera's breach of fiduciary duty is ongoing as Defendant has failed to provide complete information regarding the breach to Plaintiff and the Class in a timely manner.

52.     Plaintiff and Class Members have suffered harm as a consequence of Defendant's breach of fiduciary duty.  Victims' loss of control over the personally identifiable information and medical information exposed each of them to a greatly enhanced risk of identity theft, medical identity theft, credit and bank fraud, Social Security fraud, tax fraud, and myriad other types of fraud and theft.  Plaintiff and Class Members suffered and continue to suffer further harm by virtue of Defendant's failure to give timely and complete notice to them concerning the breach and the risks they face.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Class respectfully requests that this Court:

a. Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

b. Appoint Plaintiff as the representative of the Class and his counsel as Class counsel;

c. Award all actual, general, special, incidental, punitive, statutory, and consequential damages to which Plaintiff and Class members are entitled;

d. Award pre-judgment and post-judgment interest on such monetary relief;

e. Provide equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and other Class members' personal, financial and medical information, and from refusing to issue prompt, complete and accurate disclosures to Plaintiff and other Class members;

f. Order Defendant to adopt appropriate protocols for the collection, storage and maintenance of personal, financial and medical information; and

g. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims so triable.

Dated: June 1, 2015.

IDE LAW OFFICE

s/ Matthew J. Ide, WSBA No. 26002
Matthew J. Ide, WSBA No. 26002
7900 SE 28th Street, Suite 500
Mercer Island, WA 98040
Tel. (206) 625-1326
email: mjide@yahoo.com

William H. Anderson, Esq.*
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
Telephone: (202) 789-3960
E-mail: wanderson@cuneolaw.com

CUNEO GILBERT & LADUCA, LLP
Charles J. LaDuca*
8120 Woodmont Avenue, Suite 810
Bethesda, MD 20814
Telephone: (202) 789-3960
E-mail: charlesl@cuneolaw.com

[*Pro Hac Vice application to be filed]

*Attorneys for Plaintiff & The Proposed Class*